**FORT MASON FRUIT CO.**
v.
**DURKIN, Secretary of Labor.**
No. 14725.

United States Court of Appeals
Fifth Circuit.
June 30, 1954.

Rehearing Denied Aug. 2, 1954.

Claude L. Gray, Orlando, Fla., James Hardin Peterson, Lakeland, Fla., Dorothea Watson, Orlando, Fla., for appellant.

Bessie Margolin, Chief of Appellate Lit. U. S. Dept. of Labor, Washington, D. C., Stuart Rothman, Solicitor, Joseph M. Stone, Attorney, United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, Birmingham, Ala., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This is a companion case to Chapman v. Durkin, 5 Cir., 214 F.2d 360; and the issues are identical, with common counsel. Appellant was also engaged in "bird dog" operations of the citrus fruit industry in the State of Florida. It owned no farms or groves and its employees worked indiscriminately in gathering rejected fruit from the trees and in transporting it to bins or canneries, with approximately the same quantity of purchases as eliminations from packers and small producers at its yard.

The only difference appears to be that appellant contends it has a stronger case on the facts because of a stipulation in the record, to wit:

"16. All of defendant's employees are necessary to the maintenance and operation of its business and all operate as an integral part thereof."

Judge Simpson below held, as did Judge Barker in the Chapman case, and for the same reasons, that while appellant was not a farmer, employees who gathered the fruit were essentially workers in agriculture "on a farm" within the meaning of the Act, Section 203(f), 29 U.S.C.A. § 203(f).

It is not believed that the stipulation justifies any different conclusion from that reached in the Chapman case. There, the business was a unit, and, as here, was one of buying fruit which it gathered from the trees, as well as fruit rejected by packers and fruit brought to its yard by small producers. Since appellant was not a "farmer" within the meaning of the law, all of the labor, other than gathering the unpicked fruit, was performed elsewhere than "on a farm"; and regardless of the manner in which the appellant operated, under the authorities cited in the Chapman case, the fact that all employees operated as a unit could not serve to exempt even the same individual employees when engaged in other operations of appellant away from the farm.

The judgment below is
Affirmed.